UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD REBSTOCK,              )
                              )
        Plaintiff,             )
                              )
    vs.                        )          Case No. 4:08CV01348 ERW
                              )
EVANS PRODUCTION               )
ENGINEERING COMPANY, INC.,     )
                              )
        Defendant.             )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Evans Production Engineering

Company, Inc.'s Motion for Summary Judgment [doc. #10].

## I.      Procedural Background

On September 5, 2008, Plaintiff Richard Rebstock ("Plaintiff") filed a complaint for

negligence [doc. #1] against Evans Production Engineering Company, Inc. ("Defendant").

Plaintiff asserted the claims under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff

alleged that the Defendant breached his duties to the Plaintiff by (1) failing to supervise its

employees in order to ensure a good and safe working condition on the premises, (2) failing to

exercise reasonable care to discover a dangerous condition present on the land and to realize it

involved an unreasonable risk to visitors, (3) failing to exercise reasonable care by not warning

Plaintiff or repairing the dangerous condition, (4) failing to maintain the road surface at the

loading dock area, (5) failing to provide adequate staff for unloading Plaintiff's freight, (6) failing

to properly train its staff responsible for unloading freight, and (7) failing to properly supervise the

staff members responsible for unloading freight. Defendant filed the pending Motion for Summary Judgment and a Memorandum in Support on July 17, 2009. Plaintiff filed a Memorandum in Opposition to the motion on August 6, 2009. Defendant filed a reply on August 11, 2009.

## II.    Background Facts[1]

The Court begins by noting that, in a motion for summary judgment, the Local Rules require the nonmoving party to "include a statement of material facts as to which the party contends a genuine issue exists," and to provide specific references to the record for those matters contested by the nonmoving party. Local Rule 7-4.01(E). Any matters that are not specifically controverted by the nonmoving party are deemed admitted for the purpose of summary judgment. *Id.* Local rules such as this are implemented in order to prevent district courts from having to "scour the record looking for factual disputes." *Nw. Bank & Trust Co. v. First Illinois Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003).

In this case, Plaintiff filed a Statement of Facts as to Which Plaintiff Contends Genuine Issues of Fact Exist [doc. #13, p. 1-3], however he failed to identify which facts listed in Defendant's Statement of Material Uncontroverted Facts he contends are specifically controverted. First, Plaintiff did not "note for all disputed facts the paragraph number from

---

[1]The Court's recitation of the facts is taken from Defendant's Statement of Uncontested Facts [doc. #12], Plaintiff's Statement of Facts as to which Plaintiff Contends Genuine Issues of Fact Exist [doc. #13], and Defendant's Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment Response to Defendant's Statement of Uncontested Facts [doc. #14]. The Court also considered the Deposition of Richard Rebstock [Defendant's Exhibit B] and other exhibits, where appropriate.

The Court notes that Defendant cites to Defense Exhibit C, the Affidavit of Tom Evans. Defendant may rely on this affidavit to the extent it provides sufficient information to demonstrate that it was made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(e)(1) (2009).

movant's listing of facts," as required by Local Rule 7-4.01(E). Second, many of the facts contained in Plaintiff's Statement of Facts are the same as the facts listed in Defendant's Statement of Facts. A fact cannot be considered controverted when both Parties assert that it is true. Because Plaintiff failed to specifically controvert any of the facts listed in Defendant's Statement of Facts, the Court will deem admitted each fact contained within Defendant's Statement of Facts for the purpose of the pending Motion for Summary Judgment.

Turning now to the facts of this case, Plaintiff owned a twenty-one foot flat bed hauling truck that he used to haul heavy freight. Plaintiff used this truck to make periodic deliveries for an individual named James Sides (hereinafter "Mr. Sides"). Mr. Sides was the owner and operator of the company Fast Freight, and he also served as Plaintiff's broker. Mr. Sides would call Plaintiff and instruct him to pick up loads of freight from a customer. Plaintiff would then drive to the location, pick up the freight, and deliver it to a predetermined location. When picking up freight, Plaintiff's specific job responsibilities required him to drive his truck to a particular location, observe while others loaded the freight onto the truck bed, and secure the freight to the truck with loading straps after the truck was loaded. When dropping off a load of freight at a delivery location, Plaintiff was required to announce his presence to the employees at the delivery location, untie the loading straps around the freight, and observe the individuals unloading the freight. Plaintiff was not required to load or unload freight. Plaintiff claims that "he never handled anything" and that the employees at the various pick-up and drop-off locations "always load [the freight] and they always unload [the freight]."

On July 19, 2007, Plaintiff arrived at Defendant's premises in a flat bed hauling truck for the purpose of unloading a load of freight. Upon arriving at Defendant's premises, Defendant's employees instructed Plaintiff to proceed to a loading dock on the north side of the building.

Defendant owned and possessed this building located at 2166 Center Line Boulevard, Maryland Heights, Missouri.[2]  Prior to pulling his truck up to Defendant's loading dock, Plaintiff observed that the roadway beneath the dock was "rough terrain."  After parking his truck alongside the loading dock, Plaintiff exited the truck and noticed that the truck bed sat approximately one foot below the loading dock.  Next, Plaintiff climbed onto the bed of his truck and stepped up onto the loading dock to assist with the unloading of the freight.

At this point, Defendant's employees began the process of unloading the freight from Plaintiff's truck.  Defendant's employees first attempted to use wooden blocks to raise the level of Plaintiff's truck bed to assist in the unloading process.  When this proved unsuccessful, Defendant's employees decided to tie straps around the steel bundles, connect the straps to the forklifts, and raise the forks on the forklift in order to lift the freight off of the truck and onto the dock. Whether the employee was negligent in placing the loading straps around the freight is a contested fact.[3]  Because the bed of Plaintiff's truck sat below the surface of the loading dock, Defendant's employee laid wooden connector beams across the bed of Plaintiff's truck, perpendicular to the loading dock.  The wooden connector beams were intended to allow Defendant's employee to use the forklift to drag the steel bundles off the truck and directly onto the loading dock itself.

After the wooden connector beams were laid on the bed of Plaintiff's truck, Defendant's employee raised the forks on his forklift, which caused the steel bundles to move toward the

---

[2]The Plaintiff and Defendant provided inconsistent addresses for the location of Defendant's building in their filings with the Court.  However, in Defendant's most recent reply, the Parties appear to agree that Defendant's building was located at 2166 Center Line Boulevard, Maryland Heights, Missouri.

[3]Plaintiff claims that Defendant's employee, who was responsible for placing the loading straps around the freight, failed to wrap the slack out of the straps.  Defendant denies this claim.

loading dock, by way of the wooden beams, as intended. While in the process of removing the freight from Plaintiff's truck, one of the wooden connector beams became lodged between a raised steel bundle and the side of the loading dock, causing the connector beam to rise up from the truck bed. At that point, Plaintiff stepped between the steel bundle and the loading dock, and he kicked the wooden connector beam with his foot in an attempt to free it. Plaintiff did not speak with Defendant's employee prior to stepping in and kicking the wooden connector beam, and no one instructed Defendant to kick the wooden connector beam. Immediately after Plaintiff kicked the wooden connector beam, the steel bundle swung down toward the loading dock, while still attached to the forklifts, and the steel bundle landed on Plaintiff's ankles, pinning him between the steel bundle and the loading dock. The large steel bundle rolled over Plaintiff's leg causing serious bodily injury.

## III.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are

those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the nonmoving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). When the burden shifts, the nonmoving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the nonmoving party must show there is sufficient evidence favoring the nonmoving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## IV.     Discussion

Plaintiff's complaint alleges claims for negligence under several different theories. Under Missouri law, in order to prevail under any negligence claim, "the plaintiff must establish the existence of a duty on the part of the defendant to protect plaintiff from injury, failure of the defendant to perform that duty, and the plaintiff's injury was proximately caused by defendant's failure." *Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 463 (Mo. 1998) (en banc) (quoting *Krause v. U.S. Truck Co.*, 787 S.W.2d 708, 710 (Mo. 1990)( en banc)). In Missouri, there are several negligence theories based on derivative or dependent liability that a Court may apply to hold an employer liable for the conduct of an employee. *McHaffie v. Bunch*, 891 S.W.2d 822, 825 (Mo. 1995). Missouri courts may also hold employers liable under a theory of "premises liability." *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo. App. E.D. 1996).

## A.     Premises Liability

In subparagraphs (B) through (D) in paragraph twenty-one of the Complaint, Plaintiff Richard Rebstock brings a negligence claim against Defendant Evans Production Engineering Company for premises liability alleging that Defendant failed to exercise reasonable care to discover a dangerous condition on its property, failed to warn of or repair the dangerous condition, and failed to maintain the road surface at the loading dock area.

Possessors of land owe an invitee a general duty to "exercise reasonable and ordinary care in making the premises safe." *Morrison*, 929 S.W.2d at 903. In a premises liability action for an injured invitee, plaintiff must show (1) a dangerous condition existed on the premises which involved an unreasonable risk, (2) defendant knew, or through use of ordinary care should have known of the condition, (3) defendant failed to use ordinary care in removing or warning of danger, and (4) as result, plaintiff sustained injuries. *Id.* "Plaintiff must show that the instrumentality which caused the injury was either inherently dangerous, defective or placed in such a way as to create a dangerous condition." *Id.* "The defendant must use reasonable care toward the plaintiff." *Id.* To determine what is reasonable, the court looks at the nature and the circumstances of the business. *Id.* (citing *Head v. National Super Markets, Inc.*, 902 S.W.2d 305, 308 (Mo. App. E.D. 1995).

However, "a possessor of land is not an absolute insurer of the well-being of its invitees." *Id.* Under the second element, a possessor of land does not breach the standard of care owed to an invitee when "the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it or realize the danger." *Id.* An exception to "the open and obvious danger rule applies where a landowner should foresee that invitees, even if using reasonable care, would not appreciate the danger associated with the risk or would be unable to protect themselves from it." *Huxoll v. McAlister's Body & Frame, Inc.*, 129 S.W.3d 33, 36 (Mo. App. W.D. 2004).

The standard of care applicable is a question of law for the courts. *Hellmann v. Droege's Super Mkt., Inc.*, 943 S.W.2d 655, 658 (Mo. App. E.D. 1997). Whether a defendant's conduct fell below that standard of care is a question of fact for the jury. *Id.* "The Court will not,

however, submit a case to the jury if there is no evidence to support a finding that defendant's conduct fell below the identified standard of care." *Id.*

### 1. A Dangerous Condition Existed on the Land

Defendant first asks the court to grant summary judgment because Plaintiff cannot demonstrate that a "dangerous condition" existed on the land. To establish a foundation for premises liability, Plaintiff must provide some testimony or other evidence from which a court may infer a dangerous condition existed at the time of the accident. *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo. App. E.D. 2000). "Generally, the dangerous condition is some sort of artificial condition on the property itself, not a negligent or dangerous act of one of the inhabitants of such property." *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 561 (Mo. App. W.D. 2005) (citing *Cook v. Smith*, 33 S.W.3d 548, 552-53 (Mo. App. W.D. 2000) (plaintiff injured while riding an all-terrain vehicle during party and the court held that the ATV was not a "condition of land" for purposes of premises liability, noting that "[c]onditions on land" generally are in the nature of hidden dangers, traps, and the like). Missouri courts have found a variety of artificial conditions rise to the level of being a "dangerous condition." *Rycraw*, 28 S.W.3d at 500 (holding that a warning cone could become a dangerous condition); *Nickerson v. Moberly Foods, Inc.*, 781 S.W.2d 87, 90 (Mo. App. W.D. 1989) (holding that open sump hole in the hallway accessing the store from the loading dock was a dangerous condition). The artificial condition in question "need not be the sole cause of the injury, but simply a cause or a contributing cause." *Rycraw*, 28 S.W.3d at 500 (citing *Derrick v. Norton*, 983 S.W.2d 529, 532 (Mo. App. E.D. 1998).

Defendant argues that Plaintiff failed to present any evidence that the condition of Defendant's roadway created a dangerous condition. Defendant relies on the fact that "no

authority in Missouri requires all warehouse loading docks to conform to a uniform height standard." While courts may look to statutes and regulations to find a statutory duty, this is not an essential element for finding negligence under a theory of premises liability. *See e.g., Morrison*, 929 S.W.2d at 903; *Harris*, 857 S.W.2d at 225-26. The absence of any statute or regulation alone does not mean a dangerous condition can not exist on the premises.

Although Plaintiff failed to properly respond to Defendant's motion for summary judgment by failing to admit or deny each of the factual statements asserted by Defendant, Plaintiff's response still raised genuine issues of material fact as to the presence of a dangerous condition. Plaintiff partially complied with Local Rule 74.04 by setting forth additional material facts remaining in dispute. In the response, Plaintiff asserts that "the surface of the roadway along the northern edge of the loading dock was rutted and the pavement was broken, and in disrepair." Plaintiff goes on to state that these defects in the roadway caused the flat bed truck to sit "approximately one foot below the surface of the loading dock." In support of these facts, Plaintiff relies on his deposition. At the deposition, Plaintiff described the roadway as being "rotted out or rutted out" and "looked like it had a lot of rain on it and it had been washed out." Plaintiff also described the road as "rough terrain" and said that his truck sat twelve to fourteen inches lower than the dock.

Viewing these facts in the light most favorable to Plaintiff, the Court finds that the condition of the roadway may have become a dangerous condition. As a result, Plaintiff established that a genuine issue of material fact exists as to whether a dangerous condition existed on Defendant's premises.

**2.      *Causation***

Defendant also argues that Plaintiff failed to demonstrate that the dangerous condition caused Plaintiff's injuries. "To establish causation, a plaintiff must prove both causation in fact and proximate cause." *Richey v. Philipp*, 259 S.W.3d 1, 8 (Mo. App. W.D. 2008) (citing *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 865 (Mo. 1993) (en banc)). Causation "in fact" requires proof that "the injuries would not have occurred but for that conduct." *Id.* (internal citations omitted). Proximate cause, however, requires the plaintiff to demonstrate that "the defendant should be held liable because the harm is the reasonable and probable consequence of the defendant's conduct." *Id.* (quoting *City of St. Louis v. Benjamin Moore & Co.*, 226 S.W.3d 110, 114 (Mo. 2007) (en banc)).

First, Defendant argues that Plaintiff failed to provide any evidence to support his allegation that the condition of the roadway was a "but for" cause of Plaintiff's injuries. In determining the "cause in fact" element, courts apply the "but for" test. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860-61 (Mo. 1993) (en banc). Plaintiff must prove that "but for" the breach of duty, the event would not have occurred. *Id.* at 862.

This Court finds that Plaintiff met the burden of proving the "cause in fact" element of his negligence claim. At Plaintiff's deposition, he described the road alongside the loading dock as being "rotted out or rutted." In addition, Plaintiff stated that his truck bed sat "twelve to fourteen inches lower than the dock." During his deposition, Plaintiff's also recalled that Defendant's employees placed wooden timbers on the truck to provide a skid mechanism. However, as Defendant's employee attempted to unload the freight with a fork lift, part of the freight got hung on these wooden timbers. Drawing all reasonable inferences in favor of the plaintiff, one can conclude that the rutted condition of the roadway was a but for cause of Plaintiff's injuries. If the roadway had been maintained, the truck bed would have sat higher, and the freight would not

have become stuck. As a result, Plaintiff would not have attempted to dislodge the freight from the wood timbers. Viewing these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff provided sufficient evidence of the "cause in fact" element to survive summary judgment.

Second, Defendant contends that Plaintiff's injuries were not the proximate cause of the roadway's condition. Defendant asserts that Plaintiff's own conduct of standing between the steel bundles and intentionally kicking out the wooden beam was an intentional intervening act that should cut off Defendant's liability. "To make out a prima facie showing of causation, the plaintiff must show that defendant's negligent conduct more probably than not was the cause of the injury. *Morrison*, 929 S.W.2d at 901 (citing *Heacox v. Robbins Educational Tours, Inc.*, 829 S.W.2d 600, 603 (Mo. App. E.D. 1992). "Defendant's negligence need not be the sole cause of plaintiff's injury, but simply a cause or contributing cause." *Id*. Plaintiffs cannot rely on "pure speculation and conjecture" to demonstrate proximate cause. *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. 1999) (en banc). As a general rule, Missouri Courts hold that "...if a defendant is negligent and his [or her] negligence combines with that of another or with any other independent, intervening cause, he [or she] is liable, although his [or her] negligence was not the sole negligence or the sole proximate cause, and although his [or her] negligence, without such other independent intervening cause, would not have produced the injury." *Sundermeyer v. SSM Regional Health Services*, 271 S.W.3d 552, 555 (Mo. 2008) (en banc) (internal citations omitted).

In *Sundermeyer*, a son sued a nursing facility after the death of his mother. *Id.* at 553. The son alleged that his mother's death resulted from negligent care received at the facility. *Id.* As support for these allegations, the son submitted expert depositional testimony. *Id.* at 555. The expert stated that "I think the [mother's] nutritional decline and her emotional and psychological

status all contributed to her death." *Id.* The expert relied on photographs and descriptions of the mother's falls along with other medical records as a basis for his opinion. *Id.* Despite this evidence, the trial court granted summary judgment in favor of the Nursing Facility after finding that the son failed to present causation evidence linking its conduct to his mother's death. *Id.* at 553. On appeal, the Missouri Supreme Court reversed and remanded the trial court's decision. *Id.* at 556. The Supreme Court held that a defendant is still liable if "his [or her] negligence combines with that of another, or with any other independent, intervening cause..." *Id.* at 554. The Court also found that the expert's deposition testimony "provided the requisite evidence of causation to withstand summary judgment." *Id.* at 556.

Following *Sundermeyer*, this Court finds that Plaintiff's testimony during his deposition establishes that the condition of the road was a proximate cause of Plaintiff's injuries. First, Plaintiff relies on more than "pure speculation and conjecture" in making his claim. Plaintiff relies on his personal memory and provides specific testimony regarding this event. At his deposition, Plaintiff recounted that the road next to the loading dock was "rough terrain" and that the driveway was "rutted out." Plaintiff also recalls that his truck sat "twelve to fourteen inches lower than the dock." In the process of unloading the freight from Plaintiff's truck, one of the bundles got stuck on one of the timbers being used as a skid mechanism. When Plaintiff attempted to dislodge the bundle, the freight shifted and part of the freight rolled onto Plaintiff's leg. Plaintiff's recollection of the events suggests that the condition of the roadway was a contributing cause of his injuries. If the road had been properly maintained, the truck bed would have sat higher in relation to the loading dock, and the need for Plaintiff to dislodge the freight from the wooden timbers would not have arisen.

The Court also finds that Plaintiffs independent act of kicking the wooden beam does not cut off liability to Defendant. Similar to the Plaintiffs in *Sundermeyer* and *Morrison*, Plaintiff's own negligence contributed to his injuries. In *Sundermeyer*, the plaintiff's own negligence led to her falling and injuring herself. *See* 271 S.W.3d at 553. In *Morrison*, the plaintiff's failure to watch where she was walking contributed to her falling and injuring herself. *See* 929 S.W.2d at 902. In both cases, the court found that the intervening acts of negligence did not eliminate the liability of the defendants. *See e.g., Sundermeyer*, 271 S.W.3d at 555; *Morrison*, 929 S.W.2d at 902. Similarly, Plaintiff in this case committed an independent act of negligence by kicking a wooden beam in order to assist in the unloading process. As a result, the freight rolled onto Plaintiff's legs causing his injury. Notwithstanding these facts, Plaintiff manages to demonstrate that the condition of the road was a contributing cause to his injuries. The fact that the injury would not have resulted if Plaintiff had not acted negligently does not negate Defendant's own negligence. As a result, the Court may not grant summary judgment in favor of Defendant on these grounds.

Viewing these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff's testimony creates a reasonable inference that Defendant's failure to keep the road in good condition was a contributing factor to his injury. As a result, Plaintiff established that a genuine issue of material facts exists regarding whether the dangerous condition caused Plaintiff's injuries.

### 3. *Open and Obvious Condition*

Defendant also argues that Defendant had no duty to repair the roadway or warn the Plaintiff about the roadway because its condition was open and obvious to the Plaintiff prior to the unloading of his truck. While possessors of land have a duty to protect invitees from dangerous conditions present on their land, "a possessor of land is not an absolute insurer of the

well-being of its invitees." *Harris*, 857 S.W.2d at 226.   A possessor of land does not breach the standard of care owed to an invitee when "the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it or realize the danger..." *Id.*  In determining whether a dangerous condition is open and obvious as matter of law, Courts engage in an extremely fact intensive analysis. *Hellman*, 943 S.W.2d at 658.  In some cases, Missouri Courts have found certain conditions to be so open and obvious that liability is precluded as a matter of law.  *See e.g.*, *Harris*, 857 S.W.2d at 227 (lake at end of obviously downward sloping road and less than three hundred feet from location where car was parked was an open and obvious condition); *Heffernan v. Reinhold*, 73 S.W.3d 659, 666 (Mo. App. E.D. 2002) (unshored twelve by fifteen foot ditch in which plaintiff was working was an open and obvious condition); *Mothershead v. Greenbriar Country Club, Inc.*, 994 S.W.2d 80, 88 (Mo. App. E.D. 1999) (hill and trees at bottom of hill were open and obvious dangerous condition and created no duty to warn or remedy); *Peterson v. . Summit Fitness, Inc.*, 920 S.W.2d 928, 933 (Mo. App. W.D. 1996) (holding that thirty-by-four-foot exposed wall of above-ground swimming pool was an open and obvious condition and that anyone entering pool area could be reasonably expected to discover the condition); *Seymour v. Lakewood Hills Assoc.*, 927 S.W.2d 405, 410 (Mo. App. E.D. 1996) (tree in center of road was so open and obvious that person reasonably should be expected to see it and recognize danger posed).  In other cases, however, Missouri courts have refused to find that a given condition is open and obvious as a matter of law and permitted the case to go to the jury.  *See e.g.*, *Lewis v. Snow Creek, Inc.*, 6 S.W.3d 388, 393 (Mo. App. W.D. 1999) (unwilling to declare ice an open and obvious condition because issue of material fact remained as to the nature and character of the ice alleged to have caused the fall); *Quinn v. Lenau*, 996 S.W.2d 564, 568 (Mo. App. E.D. 1999) (danger posed by notch in tree limb was not

open and obvious; though plaintiff was aware of notch, he did not know depth of notch and his view was obscured by moss); *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 904 (Mo. App. E.D. 1996) (unwilling to find that, as matter of law, placement of briefcase in hallway of doctor's office was open and obvious to plaintiff); *Privitera v. Coastal Mart, Inc.*, 908 S.W.2d 779, 781 (Mo. App. W.D. 1995) (unwilling to find that parking lot riddled with holes on which woman caught heel of her shoe was open and obvious condition).

Defendant contends that Plaintiff had "ample opportunity to discover the condition of the roadway" and that Plaintiff became aware of the condition well before the incident occurred. The facts surrounding Plaintiff's knowledge of the condition of the roadway are not in dispute. Plaintiff first observed the condition of the roadway prior to pulling his truck up next to the loading dock, and he described the roadway as being "rough terrain." Plaintiff then exited his vehicle to loosen the straps on the freight. Plaintiff then returned to the truck and backed it up to the loading dock. At his deposition, Plaintiff stated that he immediately noticed a difference in the level between the loading dock and the bed of his truck. At some point before the incident, Plaintiff climbed onto the bed of his truck and stepped up onto the dock. Defendant suggests that Plaintiff's act of "stepping up" on to the dock is further evidence that Plaintiff was aware of the dangerous condition.

In response, Plaintiff argues that even if Plaintiff had used reasonable care he could neither appreciate the danger associated with loading dock nor protect himself from it. An exception to "the 'open and obvious danger' rule applies where a landowner should foresee that invitees, even if using reasonable care, would not appreciate the danger associated with the risk or would be unable to protect themselves from it." *Huxoll v. McAlister's Body & Frame, Inc.*, 129 S.W.3d 33, 36 (Mo. App. W.D. 2004). If genuine issues of material fact exists as to whether the plaintiff

would appreciate the danger or be unable to protect themselves from it, a Court should not grant summary judgment.  *See Hellman*, 943 S.W.2d  at 659.

 Plaintiff contends that Defendant's superior knowledge and experience with unloading freight created a duty for the Defendant to warn Plaintiff of potential dangers or remedy the situation.  Plaintiff relies on the fact that he was a visitor to the property and had no prior knowledge of the unloading procedures at the location.  Plaintiff argues that his lack of experience in unloading at this particular location caused him to not appreciate the risk posed by the condition of the road even if the condition was open and obvious.  As a result, Plaintiff urges the court to find that Defendant is not entitled to summary judgment as a matter of law.

Similar to the Court in *Harris*, this Court finds that the road was an open and obvious condition as a matter of law. Plaintiff's deposition indicates he was aware of the road condition well before the incident occurred.  It is also clear that the condition of the road was clearly visible when Plaintiff pulled up to the loading area.  Plaintiff also had the opportunity to view the road condition when he exited his vehicle prior to backing up to the loading dock.  In addition, Plaintiff assisted Defendant's employees in trying to correct the height differential between his truck and the loading dock prior to the incident.

Plaintiff's argument that he could not appreciate the danger associated with the risk or protect himself from it is without merit.  Plaintiff provides no evidence to support his claim that he could not appreciate the danger associated with unloading the freight, and the evidence shows that Defendant was able to protect himself from the harm.  Defendant had experience with delivering heavy freight, and he provided no evidence to suggest he could not appreciate the danger of unloading such heavy freight.  The fact that he had never delivered any freight to Defendant's location does not demonstrate Plaintiff's failure to appreciate the danger of unloading

the heavy freight. In addition, Plaintiff admits that he was not required to help in the unloading process. Once he untied the load from the truck, he fulfilled his job requirements. By assisting in the unloading process, Plaintiff put himself in harms way; therefore, Plaintiff could have protected himself from harm by not assisting in the unloading process as his employer instructed.

Viewing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff was able to appreciate the danger associated with the roadway. Defendant had sufficient contact with the road prior to the injuries, and he had experience with delivering this type of freight to other locations. The indisputable facts also show that Plaintiff was able to protect himself from the harm. As a result, no issues of fact need to be determined by a jury. Defendant prevails on the theory that, as a matter of law, the road was a dangerous condition that was "open and obvious." Defendant is entitled to judgment as a matter of law, and Defendant's Motion for Summary Judgment is granted on these grounds.

### B.    General Negligence Claims

In addition to Plaintiff's claims under premises liability, Plaintiff asserts that Defendant was negligent by failing to supervise its employees, failing to provide adequate staff, failing to properly train the staff, and failing to properly supervise the staff. In Missouri, an employer may be held liable for an employee's negligent conduct under several theories. First, a court may hold an employer liable under a theory of *respondeat superior* "for damages attributable to the misconduct of an employee or agent acting within the course and scope of the employment or agency. *McHaffie*, 891 S.W.2d at 825. Second, a court may hold an employer liable under a theory of "negligent entrustment." *Id.* Third, Missouri courts recognize a cause of action for "negligent hiring." *Id.* (citing *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 570-71 (Mo. App. E.D.

1983). Lastly, Missouri Courts recognize claims for negligent supervision or training. *G.E.T. ex rel. T.T. v. Barron*, 4 S.W.3d 622, 624 (Mo. App. E.D. 1999).

Before the Court can address whether to grant summary judgment against the Plaintiff, it must first determine the causes of actions being asserted in the complaint. The Eighth Circuit has adopted a liberal standard for interpreting pleadings. "All that is required of a complaint is a short and plain statement of the claim showing that the pleader is entitled to relief." *Smith v. Ouachita Technical College*, 337 F.3d 1079, 1080 (8th Cir. 2003) (quoting *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999) (internal citations omitted). "Furthermore, the complaint is to be liberally construed in the light most favorable to the plaintiff." *Id.* "A complaint should not be dismissed nor a cause of action pled therein ignored, merely because it does not state with precision all elements that give rise to a legal basis for recovery." *Id.* (internal citations omitted). District Courts find the pleadings sufficient if the allegations contained in the complaint are sufficient to put the Defendant on notice of the claim. *See Moody Motor Co., Inc. v. Lloyd's of London, Inc.*, 2008 WL 4631689, *2 (D. Neb 2008).

In the complaint, Plaintiff states that Defendant breached his duty to Plaintiff and asserts seven different grounds which include (A) failing to supervise its employees and/or agents, (B) failing to exercise reasonable care to discover the dangerous condition, (C) failing to exercise reasonable care by warning or repairing a dangerous condition, (D) failing to maintain the road surface at the loading dock, (E) failing to provide adequate staff, (F) failing to properly train its staff, and (G) failing to properly supervise the staff. After reviewing the complaint, the Court concludes that Plaintiff asserted negligence claims under the theories of (1) *respondeat superior*, (2) negligent supervision and training, (3) negligent hiring and retaining, and (4) negligent entrustment. The Court finds that Plaintiff attempts to assert a negligent supervision and training

19

claim under subheadings (A), (F), and (G). The Court further finds that claim (E) represents Plaintiff's attempt to assert a claim for negligent hiring and negligent training. By claiming that "Defendant failed to provide adequate staff," Plaintiff seems to suggest that Defendant committed negligence in either hiring the employees, in training the employees, or both. In addition, Plaintiff asserts a claim for negligent entrustment by alleging that Defendant's employee was operating the forklift at the time of the incident. This allegation puts defendant on notice that Plaintiff may assert a claim of negligent entrustment against Defendant at trial.

The Court also finds that Plaintiff's complaint contains a cause of action for negligence under *respondeat superior* even though Plaintiff fails to use specific phrases such as "vicarious liability" or "*respondeat superior*," in the complaint. Given the liberal pleading system established by the Federal Rules of Civil Procedure, Plaintiff's allegations are sufficient to put Defendant on notice of such a claim. To recover under the doctrine of *respondeat superior* the plaintiff must demonstrate (1) the existence of an employer-employee relationship at time of the alleged negligence, (2) reliance by the plaintiff on the acts or omissions of the employee, and (3) the employee acted within the scope of the employment or scope of the agency. *Studebaker v. Nettie's Flower Garden, Inc.*, 842 S.W.2d 227, 229 (Mo. App. E.D. 1992). Given the liberal notice-pleading system, Plaintiffs are not required to use specific phrases such as "vicarious liability" or "*respondeat superior*" in the complaint as long as the pleadings are sufficient to put the defendant on notice of the claim. *Moody Motor Co., Inc.*, 2008 WL 4631689 at *2.

In the complaint, Plaintiff alleges that "The employee, agent, servant and/or representative of the Defendant responsible for placing the loading straps around the freight failed to wrap the slack out of the straps." Plaintiff also alleges that Defendant's employee, agent servant and/or representative "used four by four timbers to create a skid type mechanism to unload the freight."

These facts should have put Defendant on notice that Plaintiff would assert a claim of *respondeat superior* against Defendant.

In addition, Defendant's Motion for Summary Judgment seems to suggest that Plaintiff asserted a claim under the *respondeat superior* doctrine and that Defendant had notice of this claim. In the motion, Defendant references a negligence claim brought under the *respondeat superior* doctrine, and Defendant even admits that the employee was acting within the scope of his employment. "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b) (2009). Since the parties seem to consent to this cause of action in their subsequent filings, the Court is required to assume that Plaintiff asserted a claim under the *respondeat superior* doctrine in the initial pleadings.

Based on Plaintiff's complaint, this Court finds that Plaintiff asserts additional negligence claims under: (1) *respondeat superior*, (2) negligent supervision and training, (3) negligent hiring and retaining, and (4) negligent entrustment. The Court now turns to Defendant's Motion for Summary Judgment to determine whether a genuine issue of material fact exists as to these claims.

### 1.     *Respondeat Superior Liability*

The Court finds that a genuine issue of material fact exists regarding Plaintiff's negligence claim under the *respondeat superior* doctrine. "Under the doctrine of *respondeat superior* an employer is liable for those negligent acts or omissions of his employee which are committed within the scope of his employment." *Studebaker*, 842 S.W.2d at 229. Plaintiff is required to demonstrate "some evidence that a master-servant relationship existed between the parties." *Id.* "Whether a party is liable under the doctrine of *respondeat superior* depends on the facts and

circumstances in evidence in each particular case, and no single test is conclusive of the issue of the party's interest in the activity and his right of control." *Id.*

Plaintiff puts forth sufficient evidence regarding each element. First, Plaintiff's evidence suggests that an employer-employee relationship existed at the time of incident and that the employee acted within the course and scope of his employment. Defendant also admits that the forklift driver, Leon Samoylovich, was an employee acting within the course and scope of his employment at the time of the accident. Secondly, Plaintiff provides sufficient evidence to establish a genuine issue of material fact exists as to whether that the employee committed negligence. During Plaintiff's deposition, he claimed that Defendant's employee, who was responsible for placing the loading straps around the freight, failed to wrap the slack out of the straps. Plaintiff also asserts that the employee used four by four timbers to create a skid type mechanism to unload the freight from the truck. Viewing the facts in the light most favorable to the non-moving party, Plaintiff demonstrates suffiicent evidence that the employee may have committed negligence by failing to properly secure the freight and properly unload it from the truck.

Therefore, a genuine issue of material fact exists as to Plaintiff's claim under *respondeat superior*. This court denies Defendant's request for summary judgment on this claim.

### 2. *Application of McHaffie v. Bunch*

Defendant alleges that Plaintiff's claims for failing to supervise, train, and provide adequate staff should be dismissed because Defendant admitted that an agency relationship existed for its employee's alleged negligence. Under Missouri law, "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed

against the employer on any other theory of imputed liability." *McHaffie*, 891 S.W.2d at 826. In arriving at this holding, the Court in *McHaffie* reasoned:

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case.

*Id.* "Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed." *Id.*

However, the Missouri Supreme Court recognized that exceptions to the rule may exist when (1) the employer's liability does not derive from the negligence of the employee, (2) when the employer is liable for punitive damages, or (3) when the relative fault between the employer and employee is relevant. *Id.* Several courts applying Missouri law have recognized these exceptions and allowed plaintiffs to proceed under other independent imputed negligence theories even after defendants admitted to *respondeat superior* liability. *See e.g., Jackson v. Wiersema Charter Serv., Inc.*, 2009 WL 1310064, *2-*3 (E.D. Mo. 2009) (denying defendant's motion to dismiss Plaintiffs' claims for negligent hiring and negligent entrustment even though Defendant admitted to *respondeat superior* liability since Plaintiffs alleged that Defendant's negligent actions could result in punitive damages); *Miller v. Crete Carrier Corp.*, 2003 WL 25694930, *4 (E.D. Mo. 2003) (denying defendant's motion for partial summary judgment and allowing jury to hear facts regarding negligent hiring claim and punitive damages).

Plaintiff relies primarily on the Court's holding in *McHaffie* to argue that Plaintiff's claims for failure to supervise, train, and provide adequate staff are barred under Missouri law. In

*McHaffie*, the Plaintiff brought negligence claims under the theories of *respondeat superior,* negligent hiring, and negligent entrustment. *Id.* at 824. The Missouri Supreme Court found that it was error for the court to permit a separate assessment of fault to defendant based on the "negligent entrustment" or "negligent hiring" theories of liability where Plaintiff had also asserted a claim under a *respondeat superior* theory and Defendant admitted the employee was their agent working within the scope of his employment at the time of the accident. *Id.* at 827.

The Court finds that the facts in this case are similar to those in *McHaffie.* Like *McHaffie*, Plaintiff asserts negligence claims under several theories of imputed liability in addition to a claim under *respondeat superior*. Plaintiff asserts claims for (1) *respondeat superior*, (2) negligent supervision and training, (3) negligent hiring and retaining, and (4) negligent entrustment. Also like *McHaffie*, Defendant-employer admits that the employee was an agent working in the course and scope of his employment at the time of the alleged negligent act. These claims represent claims for imputed liability that are dependent upon the negligent acts of Defendant's employee. As a result the Court finds that it is improper for Plaintiff to proceed under his claims for negligent supervision and training, negligent hiring and retaining, and negligent entrustment.

In response, Plaintiff contends that his general negligence claims fit into one of the exceptions to the *McHaffie* doctrine and argues that its claims under negligent supervision and training, negligent hiring and retaining, and negligent entrustment are not barred under Missouri law. Plaintiff primarily relies on *Stacy v. Truman Med. Ctr.* to argue that Defendant is not entitled to summary judgment on these claims because Defendant's negligence is independent of the employee's negligence and predates the negligence of any employee. *See* 836 S.W.2d 911 (Mo. 1992). In *Stacy*, the Plaintiff demonstrated that Defendant did not properly train its nurses

pursuant to its established safety policies. *Id.* at 922. The Court allowed the Plaintiff to recover against the Defendant employer even after the jury found Defendant's employee not liable for negligence. *Id.* at 923. The court reasoned that Defendant's liability was not predicated solely upon the conduct of the employee and as a result Defendant could be held liable. *Id.*

Plaintiff fails to demonstrate that Defendant's negligence is independent of the employees alleged negligent actions. Unlike the Plaintiff in *Stacy*, Plaintiff provides no evidence of any deviation from established safety policies or training programs as a source of Defendant's negligent actions. The only evidence submitted by Plaintiff is predicated solely upon the conduct of the employee. Additionally, the Court notes that *Stacy* was decided before *McHaffie*. As a result, the law as outlined in *McHaffie* represents the more authoritative source on this issue.

Viewing these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff's claims for negligent supervision and training, negligent hiring and retaining, and negligent entrustment are barred as a matter of law. However, the Court finds that a genuine issue of material fact exists as to Plaintiff's claim under the *respondeat superior* doctrine. Therefore, Defendant's Motion for Summary Judgment is granted in part and denied in part.

### 2.      *Negligent Hiring and Retention Claim*

Even if *McHaffie* did not apply, the Court would still grant Defendant's Motion for Summary Judgment regarding the claim for negligent hiring and retention because Plaintiff failed to provide evidence that demonstrates a genuine issue of material fact exists as to this claim. In the complaint, Plaintiff seeks damages from Defendant for negligent hiring and retention by alleging that Defendant failed to provide adequate staff for unloading Plaintiff's freight. Defendant argues that Plaintiff presented no evidence regarding an applicable standard of care for the staffing of employees and requests that the Court grant summary judgment against Plaintiff.

Alternatively, Defendant argues that Plaintiff cannot establish that Defendant breached any duty regarding the hiring of employees even if the Court finds an applicable standard of care.

To demonstrate a prima facie case of negligent hiring and retention, plaintiff must demonstrate (1) the employer knew or should have known of the employee's dangerous proclivities and (2) employer's negligent act or omission was the proximate cause of plaintiff's injury. *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997). Proof of an employee's single negligent act does not create a presumption that the employer negligently hired or retained the employee. *Sullivan v. St. Louis Station Associated*, 770 S.W.2d 352, 357 (Mo. App. E.D. 1989).

In this case, Plaintiff failed to present evidence that Defendant negligently hired or retained its employees. In the complaint, Plaintiff alleges that an employee committed negligence when he "failed to wrap the slack out of the straps" during the unloading process. To support this claim, Plaintiff claims that the Defendant's employee "used four by four timbers to create a skid type mechanism to unload the freight..." and that freight "got stuck on one of the four by four timbers being used as a skid mechanism." At Plaintiff Rebstock's deposition, Plaintiff stated that Defendant's employee created the crane type system to lift the freight. Plaintiff also claims that Defendant's employee was responsible for placing the loading straps around the freight and failed to wrap the slack out of the straps.

Viewing these facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff failed to provide any evidence that the employee had any dangerous proclivities prior to this incident. In addition, Plaintiff points to nothing in the record that suggests that Defendant knew or should have known that the employees would unload the freight in a dangerous way. Plaintiff points to only one negligent act on the part of the employee as evidence of his claim for negligent hiring. This fact alone is insufficient to establish a claim for negligent hiring or retention. As a

result, this Court finds that no genuine issues of material fact exist regarding Plaintiff's negligent hiring and retention of employees claim, and Defendant is entitled to summary judgment on this claim.

### 3.    *Negligent Training and Supervision Claim*

Defendant is also entitled to summary judgment regarding Plaintiff's claims for negligent training and supervision for additional reasons because Plaintiff failed to provide evidence creating a genuine issue of material fact regarding his claim for negligent training and supervision.

To establish a prima facie case for negligent supervision or training, plaintiff must plead and prove that (1) a legal duty exists on the part of the defendant to use ordinary care to protect plaintiff against unreasonable risks of harm, (2) a breach of the duty occurred, (3) proximate causation exists between the breach and the resulting injury, and (4) plaintiff suffered actual damages to his person or property.  *G.E.T.*, 4 S.W.3d at 624 (citing *Hoover's Dairy, Inc. v. Mid America Dairyman, Inc.*, 700 S.W.2d 426, 431 (Mo. 1985) (en banc).  "In a negligent supervision case, the determination of whether the duty of ordinary care has been breached turns on whether a reasonable person could have foreseen that injuries of the type suffered might occur under the circumstances."  *Id.*

Plaintiff failed to present any evidence that Defendant was negligent in training and supervising its employees.  In particular, Plaintiff fails to provide evidence for which a reasonable jury could conclude that Defendant breached any duty to Plaintiff or that such a breach was the proximate cause of Plaintiff's injury.  In the complaint, Plaintiff provides some evidence of a negligent act when he alleges that the employees were responsible for unloading the freight and that one of the employees failed to wrap the slack out of the straps.  Plaintiff also provides deposition testimony from Plaintiff Rebstock which suggests that Defendant's employees were

negligent in unloading the freight. However, Plaintiff fails to provide any evidence regarding the training or supervision of the employees and how this lack of training or supervision contributed to his injuries. Plaintiff merely asserts the claim without providing any evidence that Defendant's acts or omissions during the training and supervision process contributed to Plaintiff's injuries. Plaintiff seems to suggest that the occurrence of the incident alone is sufficient evidence of Defendant's negligence.

As a result of Plaintiff's failure to supplement the record with evidence concerning Defendant's training and supervision of the employees, Plaintiff's claim for negligent training and supervision of the employees must fail. The Court finds that no genuine issues of material facts exist regarding this claim and that Defendant is entitled to summary judgment on this claim.

### 4. *Negligent Entrustment*

Even if the *McHaffie* doctrine did not apply to Plaintiff's claim for negligent entrustment, Defendant would still be entitled to summary judgment for this claim. Plaintiff failed to demonstrate the essential elements of this claim. In order to invoke the doctrine of "negligent entrustment" plaintiff must show (1) that the entrustee is incompetent by reason of age, inexperience, habitual recklessness or otherwise; (2) that the entrustor knew or had reason to know of the entrustee's incompetence; (3) that there was an entrustment of the chattel; and (4) that the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the harm to plaintiff. *Evans v. Allen Auto Rental & Truck Leasing Co.*, 555 S.W.2d 325, 326 (Mo. 1977).

Plaintiff fails to provide evidence that Defendant's employee was incompetent by reason of age, inexperience, habitual recklessness or otherwise. Plaintiff's evidence shows that Defendant's employee was in charge of the unloading process. Plaintiff alleges that the employees failed to

wrap the slack out of the straps and that the employees created the skid type mechanism used to unload the freight. At best, this evidence suggests that the employees were negligent in this instance. It does not demonstrate that the employees were incompetent in any way. Secondly, Plaintiff provides no evidence that Defendant knew or had reason to know of the entrustee's incompetence. Plaintiff merely asserts that the employee committed negligence. Plaintiff does not provide any evidence regarding the Defendant's knowledge of its employees incompetence. The fact that the employees committed a single of act of negligence is not sufficient to demonstrate that Defendant knew or had reason to know the employees were incompetent.

As a result of Plaintiff's failure to supplement the record with evidence, Plaintiff's claim for negligent entrustment must fail on these grounds as well. The Court finds that no genuine issues of material facts exist regarding this claim and that Defendant is entitled to summary judgment.

## V.      Conclusion

The Court finds that the roadway presented a dangerous condition and was the proximate cause of Plaintiff's injuries. However, the Court finds that Defendant did not owe Plaintiff a duty to keep him safe because the dangerous condition was "open and obvious" as a matter of law, and as result, Defendant is entitled to summary judgment on Plaintiff's claim for premises liability. The Court also finds that Plaintiff's claims for (1) negligent supervision and training, (2) negligent hiring and retention, and (3) negligent entrustment are barred as a matter of law since Defendant admits that an agency relationship existed. The Court further finds that no reasonable jury could conclude that Defendant committed the torts of (1) negligent supervision and training, (2) negligent hiring and retention, and (3) negligent entrustment even if the claims were not barred as a matter of law. Therefore, Defendant is entitled to summary judgment on these claims. Plaintiff

demonstrates that a genuine issue of material facts exists with respect to his negligence claim under *respondeat superior*.  Defendant is not entitled to summary judgment on Plaintiff's *respondeat superior* claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Evans Production Engineering Company's Motion for Summary Judgment [doc. #10] is **GRANTED** in part and **DENIED** in part. Plaintiff's claims for premises liability, negligent hiring and retention, negligent training and supervision, and negligent entrustment are dismissed with prejudice.  Still pending before the Court is Plaintiff's negligence claim under the theory of *respondeat superior*.

Dated this 20th Day of October, 2009.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE