UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD REBSTOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01348 ERW |
| ) | |
| EVANS PRODUCTION ) | |
| ENGINEERING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion in Limine to Exclude Mention of Possible Future Surgery [doc. #24], Defendant's Motion in Limine to Exclude Evidence that Defendant was Negligent in Hiring, Training, or Supervising its Employees [doc. #25], Defendant's Motion in Limine to Exclude Evidence of Insurance Coverage [doc. #26], Defendant's Motion in Limine to Exclude Evidence that Defendant's Loading Dock was Dangerous or Defective [doc. #27], Defendant's Motion in Limine to Exclude Evidence that Plaintiff Provides Care and Assistance to His In-Laws [doc. #28], and Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Past or Future Lost Wages [doc. #29]. A hearing was held on December 2, 2009, and the Court heard arguments from the Parties on these Motions.

"The denial of a motion in limine does not generally preserve error for appellate review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the decisions enumerated below, and as a result this is not a definitive ruling. *Olson v. Ford Motor Co.*, 481 F.3d 619, 629 (8th Cir. 2007) An objection must be made "to preserve a claim of error for appeal." *Id.*

**I.     POSSIBLE FUTURE SURGERY [doc. #24]**

Defendant moves for an order in limine barring Plaintiff from offering any evidence or from mentioning to the jury any evidence regarding Plaintiff's need for future surgeries. Plaintiff has no objection to Defendant's Motion and consents to this Court granting the requested relief. Thus, Defendant's Motion to Exclude Mention of Possible Future surgery is sustained.

**II.    EVIDENCE THAT DEFENDANT WAS NEGLIGENT IN HIRING, TRAINING, OR SUPERVISING ITS EMPLOYEES [doc. #25]**

Defendants seeks an order from the Court barring Plaintiff from offering any evidence or from mentioning to the jury that Defendant was negligent in hiring, training, or supervising its employees. Plaintiff has no objection to Defendant's Motion in Limine and consents to the Court granting the relief requested therein by the Defendant. Thus, Defendant's Motion to Exclude Evidence that Defendant was Negligent in Hiring, Training or Supervising its Employees is sustained.

**III.   EVIDENCE OF INSURANCE COVERAGE [doc. #26]**

Defendant requests that the Court enter an order barring Plaintiff from offering any evidence or from mentioning to the jury that Defendant was insured at the time of the incident at issue in this case. Plaintiff has no objection to Defendant's Motion in Limine and consents to this Court granting the relief requested therein by the Defendant. Thus, Defendant's Motion to Exclude Evidence of Insurance Coverage is sustained.

**IV.    EVIDENCE THAT DEFENDANT'S LOADING DOCK WAS DANGEROUS OR DEFECTIVE [doc. #27]**

Defendant requests this Court enter an order barring Plaintiff from offering any evidence or mentioning to the jury any evidence regarding the condition of Defendant's loading dock or

roadway. Plaintiff has no objection to Defendant's Motion in Limine and consents to this Court granting the relief requested therein by the Defendant. Thus, Defendant's Motion to Exclude Evidence that Defendant's Loading Dock was Dangerous or Defective is sustained.

## V. EVIDENCE THAT PLAINTIFF PROVIDES CARE AND ASSISTANCE TO HIS IN-LAWS [doc. #28]

Defendant requests this Court enter an order barring Plaintiff from offering any evidence or from mentioning to the jury that Plaintiff was providing in-home care to his in-laws at the time of the incident at issue in this case. Plaintiff has no objection to Defendant's Motion in Limine and consents to this Court granting the relief requested therein by the Defendant. Thus, Defendant's Motion to Exclude Evidence that Plaintiff Provides Care and Assistance to His In-Laws is sustained.

## VI. EVIDENCE OF PLAINTIFF'S PAST OR FUTURE LOST WAGES [doc. #29]

Defendant requests this Court enter an order barring Plaintiff from offering any evidence of alleged past or future lost wages by Plaintiff as a result of the incident at issue. Defendant's motion contains two arguments: (1) Plaintiff did not timely disclose a claim for lost profits, and (2) Plaintiff's lost profits claim is nothing more than mere speculation and conjecture, and should otherwise be excluded. In response, Plaintiffs makes three arguments. The first is that Defendant knew of Plaintiff's lost profits claim because counsel for Defendant learned of the Plaintiff's lost wage claim during Plaintiff's deposition and subsequently questioned him regarding the basis for such claim. Second, Plaintiff claims that he provided supporting documentation for his lost wage claim to the Defendant in his Supplemental Rule 26 disclosures. Finally, Plaintiff claims that he

submitted lost wage information, with supporting documentation to Defendant in his supplemental answers and responses to Defendant's First Set of Interrogatories and Requests for Production.

In reply, Defendant asserts that Plaintiff not only failed to disclose that he was making a claim for lost wages but also affirmatively stated that he was not making a claim for lost wages. Defendant also states that no claim for lost profits or wages was revealed during Plaintiff's deposition. Additionally, Defendant asserts that Plaintiff's supplemental disclosures regarding a possible lost wage claim were made six months after the end of discovery. Finally, Defendant states that Plaintiff has no experts to testify in support of a lost wage claim.

After reviewing the facts presented by each party, the Court first finds that the it must construe any claim for lost wages to be a claim for lost profits under Missouri law. The Court basis this decision on several facts. First, Plaintiff was functioning as an independent contractor at the time of the event. He was not under the employment of anyone and was not receiving wages from anyone. Secondly, Plaintiff worked at this job for only three days. Thirdly, Plaintiff testified that he had no idea how much he would have made per week or per month on this job. Finally, the record reveals no further discovery regarding Plaintiff's lost wages. As a result, the Court finds that Plaintiff's attempt to recover any lost wages must be construed as an attempt to recover future lost profits.

In Missouri, it is well established that future profits "are too remote, speculative and too dependent upon changing circumstances to warrant a judgment for their recovery." *Gesellschaft Fur Geratebau v. GFG Am.*, 967 S.W.2d 144, 147 (Mo. Ct. App. 1998). Lost future profits may only be recovered if the plaintiff establishes with "reasonable certainty both that the defendant's actions caused the plaintiff to lose profit and the amount of those damages." *Metropolitan Exp.*

*Serv., Inc. v. City of Kansas City, Mo.*, 71 F.3d 273, 275 (8th Cir. 1995) (citing *Coonis v. Rogers*, 429 S.W.2d 709, 714 (Mo. 1968)).

Based on the evidence presented, the Court finds that Plaintiff did not timely disclose his claim for lost profits. First, Plaintiff failed to provide a claim for either lost wages or lost profits in his Rule 26 disclosures. Secondly, Plaintiff advised Defendant in a sworn interrogatory reply that he was not making a claim for lost wages or lost profits. Finally, Plaintiff made no supplemental disclosures regarding his claim for lost wages or lost profits prior to the close of discovery on June 30, 2009. As a result, the Court finds that Plaintiff did not timely disclose his claim for lost wages or lost profits.

Even if the Court considers the supplemental disclosures provided after the discovery deadline, the Court finds that Plaintiff's supplemental disclosures claims for future lost profits are purely speculative. Prior to his injury, Plaintiff worked at this job for only three days. Plaintiff testified that he had no idea how much he would have made per week or per month on this job. Additionally, the evidence shows that Plaintiff did not disclose any medical experts that can testify as to Plaintiff's inability to work. Furthermore, Plaintiff retained no testimony from any experts regarding any lost profits resulting from the injury. The record also shows a lack of discovery regarding information that could be used to calculate Plaintiff's lost wages or lost profits. After the reviewing all these facts, the Court finds that Plaintiff failed to demonstrate within a reasonable certainty that the defendant's actions caused the plaintiff to lose profits. The facts also demonstrate that Plaintiff failed to demonstrate within a reasonable certainty the amount of damages suffered.

In conclusion, the Court finds that Plaintiff's claim for lost profits is not timely and is based on pure speculation. Thus, the Court sustains Defendant's Motion to Exclude Evidence of Plaintiff's Past or Future Lost Wages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Mention of Possible Future Surgery [doc. #24] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence that Defendant was Negligent in Hiring, Training, or Supervising its Employees [doc. #25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence of Insurance Coverage [doc. #26] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence that Defendant's Loading Dock was Dangerous or Defective [doc. #27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence that Plaintiff Provides Care and Assistance to His In-Laws [doc. #28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Past or Future Lost Wages [doc. #29] is **GRANTED**.

Dated this 3rd Day of December, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE