UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD REBSTOCK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CV01348 ERW |
| EVANS PRODUCTION ENGINEERING COMPANY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for New Trial [doc. #73].

## I. BACKGROUND

This litigation arose out of injuries sustained by Plaintiff Richard Rebstock ("Plaintiff") at a facility owned by Defendant Evans Production Engineering Company ("Defendant"), while Plaintiff, a truck driver, was attempting to assist Defendant's employees in unloading freight from his vehicle. Plaintiff brought a one-count suit against Defendant for negligence, and following a jury trial concluded on December 15, 2009, the jury returned a verdict assessing all fault for the incident to Plaintiff, and the Court entered judgment to that effect. Plaintiff then timely filed this Motion, arguing that he is entitled to a new trial on the basis of errors in jury instructions and evidentiary rulings at trial.

## II. LEGAL STANDARD

Following a jury trial resulting in an adverse judgment, a party may move for a new trial under Fed. R. Civ. P. 59(a)(1)(A). Under this Rule, "[a] new trial is appropriate when the first

1

trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir. 1997). Errors in evidentiary rulings or in jury instructions are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict. *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005) (evidentiary rulings); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 720 (8th Cir. 2008) (jury instructions).

### III. DISCUSSION

Plaintiff asserts that a new trial is necessary to avoid a miscarriage of justice because (1) the Court erred in submitting Jury Instruction No. 10 on Defendant's assumption of risk defense; and (2) the Court erred in excluding evidence of Plaintiff's lost wages.

#### A. Jury Instruction No. 10

Plaintiff contends that submission of this instruction entitles him to a new trial because (1) it inaccurately stated that the defense of assumption of risk is a complete bar to recovery; and (2) there was insufficient evidence introduced at trial to submit the instruction to the jury. Defendant claims that the instruction properly stated Missouri law on the doctrine of implied primary assumption of risk, and that there was substantial evidence supporting the instruction.

At the outset, the Court finds that Plaintiff is barred from objecting to the substantive content of Instruction No. 10 because he did not object on that basis at trial. In order to preserve an objection to an allegedly erroneous jury instruction for purposes of both a motion for a new trial and appellate review, the objecting party must specifically state the instruction objected to

and the grounds for his objection on the record before the jury retires for deliberations. Fed. R. Civ. P. 51(c)(1); *see also Cincinnati Ins. Co. v. Bluewood, Inc.*, 560 F.3d 798, 805 (8th Cir. 2009). "The purpose of this rule is to afford the trial court an opportunity to cure a defective instruction and to prevent litigants from obtaining a new trial in the event of an adverse verdict by covertly relying on the error." *Bluewood*, 560 F.3d at 805 (internal alterations, quotations, and citations omitted). When the Court provided an opportunity for Plaintiff to object to jury instructions, Plaintiff objected to Instruction No. 10 only on the basis that there was insufficient evidence in the record to submit it to the jury. As such, Plaintiff failed to preserve his objection to the substantive content of the instruction, and the Court therefore declines to consider that objection now.[1]

Turning to Plaintiff's second objection to the instruction, the Court concludes that there was sufficient evidence to submit it to the jury. Instruction No. 10 stated as follows:

> In your verdict you must not assess a percentage of fault to Defendant if you believe:
>
> First: That the dangerous situation or condition was open and obvious, or that Plaintiff knew of the dangerous situation, and
>
> Second: That Plaintiff voluntarily exposed Plaintiff's self to the danger and was injured thereby.

---

[1] In any event, the Court finds that as a matter of Missouri law, Instruction No. 10 properly stated that the defense of implied primary assumption of risk is a complete bar to recovery, comparative fault principles notwithstanding. The defense is applicable where "the parties have voluntarily entered a relationship in which the plaintiff assumes well-known incidental risks"; in such circumstances, the "plaintiff's consent to assume the risk is implied from the act of electing to participate in the activity, and as to [that risk], the defendant has no duty to protect the plaintiff." *See Bennett v. Hidden Valley Golf & Ski, Inc.*, 318 F.3d 868, 874 (8th Cir. 2003) (citing *Sheppard ex rel. Wilson v. Midway R-1 School Dist.*, 904 S.W.2d 257, 261 (Mo. Ct. App. 1995) (internal quotations omitted). Because the defendant owes no duty to the plaintiff where the plaintiff has assumed and consented to the known risk by participating in the joint activity, *see id.* at 873-74, it necessarily follows that the defense bars any recovery on a negligence claim.

With respect to the first element, Plaintiff testified that as a truck driver, he was generally aware of the size and weight of whatever freight he was delivering at a given time, and that he was trained to move to a "position of safety" while his truck was being unloaded, which was often done by forklift. The phrase "position of safety" indicates that Plaintiff had actual knowledge that the unloading process creates a dangerous situation, and the general size and nature of the freight generally transported by tractor-trailer supports the natural inference that unloading such freight is an open and obvious dangerous situation. As for the second element, Plaintiff's testimony indicated that he voluntarily left his "position of safety" to kick loose a piece of timber supporting the freight that had become stuck, and that the freight then shifted and caused his jury. From this, the jury could have reasonably concluded that Plaintiff voluntarily exposed himself to the risks associated with unloading freight, and that his decision to do so caused his injury.

As a result, the Court concludes that the evidence introduced at trial was more than sufficient to submit Instruction No. 10 to the jury, as Plaintiff's testimony indicated that he was aware of the danger posed by unloading freight – or at the very least that such danger was open and obvious – and that he voluntarily exposed himself to that danger by attempting to assist with unloading his vehicle.

### B. Plaintiff's Evidence of Lost Wages

An error in excluding evidence only warrants a new trial if the objecting party was thereby prejudiced – that is, if a new trial with the erroneously excluded evidence would likely produce a different result. *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005). Here, the jury did not award Plaintiff any damages because it determined that Defendant was not at fault for Plaintiff's injuries. Any evidence regarding lost wages pertains only to Plaintiff's damages, and would have no affect on Defendant's liability. As a result, Plaintiff cannot establish

4

that he was prejudiced by this alleged error, and he is therefore not entitled to a new trial on this basis even if the evidence was erroneously excluded.

IV. **CONCLUSION**

Plaintiff's Motion for New Trial will be denied. Plaintiff failed to preserve his objection to Instruction No. 10 on the ground that it did not accurately instruct the jury on Defendant's assumption of risk defense because he did not object to the instruction on that basis at trial, and the evidence at trial was sufficient to submit the instruction to the jury. The Court also concludes that any claimed error in the Court's decision to exclude evidence of Plaintiff's lost wages was not prejudicial, and therefore would not warrant a new trial, because that evidence would not have affected the jury's finding that Defendant was not liable for Plaintiff's injuries.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial [doc. #73] is **DENIED**.

Dated this 29th Day of June, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE